WILLIAM B. SUMNER *vs.* RICHARDSON LAKE DAM COMPANY.

Androscoggin.    Opinion March 15, 1880.

*Corporation.    Eminent domain.*

When the legislature, in the legitimate exercise of the right of eminent domain, has chartered a corporation with certain powers and privileges, the corporation in the exercise of its corporate rights, is not liable for consequential damages arising from such exercise, without fault or negligence on its part.

ON AGREED STATEMENT OF FACTS.

The case was submitted for the purpose of determining the rights of the defendant corporation, under its charter.

The material facts appear in the opinion.

Charter.—" An act to incorporate the Richardson Lake Dam Company. Be it enacted by the senate and house of representatives in legislature assembled, as follows :

"Section 1.    That Leonard E. Dunn, E. S. Coe, and D. F. Leavitt, their associates, successors and assigns, be and hereby are constituted a body politic and corporate by the name of the Richardson Lake Dam Company, for the purpose of making such improvements on the Androscoggin river and its tributary waters, as will facilitate and render more convenient the drifting or driving of logs, masts, spars and other timber; by removing obstructions, building dams, wing dams, gates, piers, booms, and so forth; and by which name they may take and hold any estate, real, personal or mixed, to an amount not exceeding ten thousand dollars; and have and enjoy all the rights and privileges, and be subject to all the duties and liabilities incident to similar corporations under the laws of this State."

"Section 2. Said corporation shall have power to erect and maintain dams on the waters aforesaid, with suitable gates and sluiceways, for the passage of logs and lumber, with the right to clear and deepen the channels of said waters, and remove the obstructions therefrom; and to erect all necessary piers, booms, side booms, and works to increase the facilities for driving logs and lumber."

"Section 3. Said corporation is hereby empowered to take such lands as may be necessary for the sites of said dams, booms and sluices, and such materials as may be needed for the erecting and maintaining the same, and in case said corporation cannot agree with the owner or owners, as to the price, the amount to be paid for said land or materials, so taken, shall be referred to three disinterested persons, one of whom shall be chosen by each of the parties aforesaid, and the third by the two first, so chosen, the report of whom, or the majority of them, shall be final; and said corporation shall be liable for all damages by flowing, caused by said dams, to be ascertained and determined in the manner prescribed in chapter one hundred and twenty-six of the revised statutes."

\*          \*          \*          \*          \*          \*

Approved, March 22, 1853.

*M. T. Ludden,* for the plaintiff.

The plaintiff asks compensation for damages sustained by despoiling of his meadow lands in Leeds, contiguous to Androscoggin river, by the unnatural flow of water caused by the defendant's dams. He has a right to the natural flow of the water. *Davis* v. *Fuller,* 12 Vt. 190; *Gerrish* v. *Newmarket,* 30 N. H. 478; and to compensation for damages sustained from an unnatural flow. *Tillotson* v. *Smith,* 32 N. H. 90; *Beally* v. *Shaw,* 6 East. 214; *Mason* v. *Hill,* 3 B. &. A. 303; *Ex parte Jennings,* 6 Cowan, 519; 2 Johns. c. 162; 46 N. H. 57; 35 N. H. 134; *Black* v. *Walcott,* 3 Mason, 508; *Watts* v. *Kinney,* 23 Wend. 484. Defendant's charter cannot bind a stranger to the act. Potter's Dwarris on Stat. 56; 1 Kent's Com. 427, 428; *Osborn* v. *Bank of U. S.* 9 Wheat. 738; Lieber's Political Ethics, Vol. 1, Book 1, c. 6. When a dam, erected under a

charter, upon a navigable river, impedes navigation, it is to that extent a nuisance. *Knox* v. *Chaloner*, 42 Maine, 155.

The charter has no provision for assessment of damages to land owners below the dams, and is unconstitutional. Const. of Maine, Art. 1, § § 19, 21; *Preston et al.* v. *Drew*, 33 Maine, 558; *Thacher* v. *Dartmouth Bridge Co.* 18 Pick. 501.

*Wm. P. Frye, John B. Cotton* and *W. H. White*, for the defendant corporation, cited: *Spring* v. *Russell et als.* 7 Maine, 273; *Parker* v. *The Cutler M. D. Co.* 20 Maine, 353; *Moor* v. *Veazie,* 32 Maine, 343; *Boston & Roxbury Mill Corp.* v. *Newman*, 12 Pick. 467; *Boston Water Power Co.* v. *B. & W. R. R. Corp.* 23 Pick. 361; *Chase* v. *Sutton M'f'g Co.* 4 Cush. 152; Cooley Cons. Lim. 650, (4th ed.); *Mellan et al.* v. *R. R. Co.* 4 Gray, 301; *Rowe* v. *Granite Bridge Corp.* 21 Pick. 348; *Dodge* v. *Co. Com.* 3 Met. 383; *Carson* v. *Western R. R. Co.* 8 Gray, 423; *Prop's of L. & C.* v. *R. R. Co.* 10 Cush. 385; *Curtis* v. *Eastern R. Co.* 14 Allen, 55; *Walker* v. *O. C. R. R.* 103 Mass. 10; Broom's Leg. Max. ed. 1874, 198; *Spring* v. *Russell*, 7 Maine, 273; *Rogers* v. *K. & P. R. R.* 35 Maine, 319; *Whittieer* v. *P. & K. R. Co.* 38 Maine, 26; *Boothby* v. *A. R. R.* 51 Maine, 318; *Frye* v. *Moor*, 53 Maine, 583; *Lawler* v. *Baring Boom*, 56 Maine, 443; *Davidson et als.* v. *B. & M. R. Co.* 3 Cush. 105; *Callender* v. *Marsh*, 1 Pick. 435; *Toothaker* v. *Winslow*, 61 Maine, 123; *Davis* v. *Getchell*, 50 Maine, 602; *Davis* v. *Winslow*, 51 Maine, 264–298; *Phillips* v. *Sherman*, 64 Maine, 171; *Springfield* v. *Harris*, 4 Allen, 494; *Pool* v. *Harris*, 2 Am. R. 526; *Gould* v. *Boston Duck Co.* 13 Gray, 442; *Marble* v. *Worcester*, 4 Gray, 397; 1 Hilliard's Torts, 78; *China* v. *Southwick et al.* 3 Fairf. 238.

APPLETON, C. J. The defendant company was incorporated by an act of the legislature of this State, in which provision is made for the payment of damages, but the plaintiff is not entitled to any within the terms of the act.

The dam, which the plaintiff claims was the cause of the injury he has sustained, was distant one hundred and twenty-five miles from the land claimed to have been damaged. The waters it accumulated were discharged into Lake Umbagog. Below this lake at Errol, in New Hampshire, is a dam erected by the

Androscoggin River Improvement Company a company incorpo-
rated by the legislature of New Hampshire. The waters of the
lakes of the Androscoggin river and of the streams entering it
above the Errol dam, are controlled by it. Whatever damage
has been done was caused by the water accumulated at the Errol
dam. But the defendant has nothing whatever to do with the
dam at Errol. Whether the water is discharged in too large
or in too small quantities—whether negligently or prudently,
the act is not the act of the defendant. The defendant neither
retains nor discharges the water at Errol dam. There is no
allegation of fault or negligence on its part. There is no allega-
tion of fault or negligence on the part of the corporation control-
ling the Errol dam, and if there was fault or negligence on its
part, there is no pretence that the defendant is responsible in
any way for such fault or negligence. It is difficult, upon the
facts admitted, to perceive any ground upon which the defend-
ant can be held chargeable for results, with the causation of
which it had nothing to do.

By the agreement of the parties, a nonsuit is to be entered,
"if the defendant under its charter has the right to use the water
of the river at all seasons, in quantities which may be reasonably
required for the purpose of driving and floating logs, without
payment of damages." The damages here referred to are not
damages for which compensation is given by statute.

As was remarked by BARROWS, J., in *Toothaker* v. *Winslow*,
61 Maine, 131, "the legislature in the legitimate exercise of the
power of eminent domain have granted powers and privileges to
the Richardson Lake Dam Company, which must necessarily to
some extent affect the use of the water below, and the common
rights of all citizens to the use of the stream as a public high-
way; yet the powers thus granted are to be exercised in a
reasonably discreet manner, for the accomplishment of the purpose
for which the grant was made, with as slight disturbance or
abridgment of the public rights as may be." There is no negligent,
careless or wrongful act done or alleged to be done by the de-
fendant. That indirect and remotely consequential injury might
arise would not make the defendant liable when such injury was
not the result of its action. When a company only does, what

by its charter it is authorized to do, and is free from fault and negligence, it is not liable for consequential damages. *Boothby v. A. & K. R. R. Co.* 51 Maine, 318 ; *Burroughs* v. *Housatonic R. R. Co.* 15 Conn. 124 ; *Lawler* v. *Baring Boom Co.* 56 Maine, 443. The defendant is in the exercise of the power of eminent domain derived from the State and is not liable for any consequential injury arising in the careful and judicious use of all legal powers conferred by the legislature. *Hatch* v. *Vermont Central R. R. Co.* 25 Vt. 49 ; *Cleveland & Pittsburg R. R. Co.* v. *Speer*, 56 Penn. 325.

The defendant uses the water in accordance with its chartered rights. No fault whatever is shown either of action or inaction. The numerous cases cited by the defendant all concur that an action like the present cannot be sustained against a corporation acting strictly within the limits of the authority conferred upon it.

*Plaintiff nonsuit.*

WALTON, DANFORTH, VIRGIN, PETERS, LIBBEY and SYMONDS, JJ., concurred.